IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

YVONNE MITCHELL,                    }
                                    }
        Plaintiff,                  }
                                    }        CIVIL ACTION NO.
v.                                  }
                                    }        01-AR-0362-S
AMERICAN FAMILY CARE, INC.,         }
                                    }
        Defendant.                  }
                                    }

**MEMORANDUM OPINION**

Before the court is the application of plaintiff, Yvonne
Mitchell ("Mitchell"), for her attorney's fees and costs in the
above-referenced case.  Mitchell brought this action against her
former employer, defendant, American Family Care, Inc. ("AFC"),
alleging violations of Title VII and the Pregnancy Discrimination
Act, 42 U.S.C. § 2000e(k).  On August 29, 2003, the court entered
judgment on the jury's verdict in favor of Mitchell.  On September
12, 2003, Mitchell filed her original application for attorney's
fees.  Because AFC appealed from the judgment, the court deferred
ruling on Mitchell's motion.

On June 29, 2004, the Eleventh Circuit affirmed the judgment.
On July 15, 2004, Mitchell supplemented her previous application to
reflect the additional lawyer-time and costs that Alicia Haynes and
Kenneth Haynes, her attorneys, incurred in defending the appeal.
Mitchell also renewed her pre-appeal motion to conduct discovery on

defense counsel's fees.   In response, AFC's counsel, Douglas
Centeno ("Centeno"), filed his own affidavit, stating that he
charged his client hourly rates of $200 and $190 and admitting that
his firm spent "approximately the same...number of hours" defending
the case that Haynes and Haynes seek.   Centeno Aff. ¶ 3.   Because
the court finds that no further information is necessary to decide
the amount of fees and costs to which the movant is entitled, it
will deny plaintiff's motion to conduct discovery as well as
plaintiff's request for an evidentiary hearing that would not only
increase plaintiff's claim for fees but might take as much time as
the trial on the merits took.

AFC does not deny that Mitchell is a prevailing party or that
an award of attorney's fees is appropriate.   The dispute concerns
the amount of that reasonable fee.   The parties disagree both as to
the hourly rate and as to the total number of hours that should be
awarded.   At this court's regular motion docket on September 29,
2004, counsel orally informed the court that their difference in
resolving the fee dispute is around $90,000.

*Reasonable Attorney's Fees: The Lodestar Approach*

Given the parties' inability to agree, it is the court's task
to arrive at a reasonable fee award – one that compensates Haynes
and Haynes for their time and expertise invested in Mitchell's case
without giving them too much.   *See* 42 U.S.C. § 2000e-5(k).   The
Supreme Court has adopted the "lodestar approach as the centerpiece

2

of attorney's fee awards." *Blanchard v. Bergeron*, 489 U.S. 87, 94 (1989).  To perform this lodestar calculation, the court must multiply the number of hours "reasonably expended on the litigation times a reasonable hourly rate." *Id.*  Then, the court may adjust its calculation "by other factors." *Id.; see Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974) (setting forth 12 factors to adjust fee award, including attorney experience, customary fee, required skill, and the results obtained).

To complete the calculation, the court must first ascertain a reasonable hourly rate.  Haynes and Haynes seek fees at an hourly rate of $250 for all attorney time spent working on Mitchell's file.  AFC counters that a reasonable rate would be somewhere in the neighborhood of $150-$200.  AFC further argues that a lower rate should apply to time spent by Kenneth Haynes because he is not a seasoned plaintiff's employment lawyer, at least not to the same extent as his partner, Alicia Haynes.

The court finds that a reasonable hourly rate is $200 and will award attorney's fees for time spent by both Alicia and Kenneth Haynes at that rate.  In reaching this conclusion, the court notes that AFC does not contest the fact that Alicia Haynes is a competent, experienced plaintiff's employment lawyer. Moreover, in light of defense counsel's affidavit and his billing rate, $200 is also a "reasonable" rate for Kenneth Haynes.  In his affidavit,

Centeno admits that he charged his client $200 an hour to defend the case and that he is not an experienced employment lawyer. AFC cannot be heard to contend that $200 is an unreasonable fee for either of the Haynes firm's lawyers.

The court further concludes that a $70 hourly rate is appropriate for time spent by non-lawyer legal assistants in Haynes' firm. AFC admits that a $70 rate is within the range of market rates for paralegal services in Birmingham. Accordingly, this court will award fees for non-lawyer services at an hourly rate of $70, as requested in Haynes' application.

AFC next argues that the number of hours Haynes and her firm spent prosecuting this case is "unreasonable, excessive and unnecessary." Specifically, AFC argues that numerous entries in Haynes' billing records are for tasks that were duplicative, non-billable, and/or should have been performed by a person with less experience and a lower hourly rate. The court finds that the number of hours spent by Haynes and her firm is reasonable, as listed in Haynes' supplemental application. On this point, the court notes (1) that the number of hours spent by members of Haynes' firm is roughly the same amount of hours for which defense counsel charged its client to defend the case; and (2) that it is entirely reasonable to conclude that it takes at least as much time to prepare and prosecute a case as it does to defend one.

Haynes and Haynes undertook their representation of Mitchell

4

in this litigation nearly four years ago.  The case has been to the
Eleventh Circuit twice, and Mitchell prevailed in both appeals.
Further,  Haynes  and  Haynes  tried  the  case  to  a  successful
plaintiff's jury verdict, collecting no fees along the way.   The
court further notes that the number of hours Haynes and Haynes seek
is roughly equal to the number of hours defense counsel charged its
client to defend against Mitchell's suit, hours for which defense
counsel was presumably paid on a regular basis.  Accordingly, the
court  will  award  fees  for  the  total  number  of  hours  listed  in
Haynes' supplemental application.

### Costs

·   Though defendant stated in its objection to plaintiff's
supplemental fee application that some of the costs sought were
not compensable, the parties orally informed the court during its
motion docket that there is no longer any dispute that the costs
listed in Haynes' supplemental application are reasonable and
appropriate.   Accordingly, the court will grant Haynes' request
for costs in the amount of $8,709.65.

### Conclusion

In light of the foregoing findings, the court expressly
holds that the appropriate hourly rate for arriving at a fee
award in this case is $200 and that the number of hours sought by
Haynes and Haynes is reasonable.   The court further holds that
there are no facts presented which would justify deviation from

the lodestar approach.

Accordingly, the court hereby determines that Haynes is entitled to recover fees and costs and will, by separate order, award attorney's fees in the amount of $107,630 (538.15 x $200); legal assistant's fees in the amount requested, $21,110.60 (301.58 x $70); and costs in the amount requested, $8,709.65; all this for a total award of $137,450.25.

DONE this ___14th___ day of October, 2004.

WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

6